**TARTER KRINSKY & DROGIN LLP**
Ingrid J. Cardona
1350 Broadway, 11th Floor
New York, NY 10018
(212) 216-8000
icardona@tarterkrinsky.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ATAMAIKA LARES and ANTONIO ACORDA OLIVOS RUIZ,<br><br>Plaintiff,<br><br>– v.<br><br>ZORRO ENTERPRISES CORP., RUBEN ZAMBRANO, and PAOLA PUENTE MONTES,<br><br>Defendants. | Case No.: 1:26-cv-07652<br><br>**CIVIL ACTION**<br><br>**COMPLAINT** |

Plaintiffs Atamaika Lares ("Lares") and Antonio Acorda Olivos Ruiz ("Ruiz," together with Lares, "Plaintiffs"), by and through their undersigned attorneys, for their Complaint against defendants Zorro Enterprises Corp. ("Zorro"), Ruben Zambrano ("Zambrano"), and Paola Puente Montes ("Montes", and together with Zorro and Zambrano, "Defendants"), allege as follows:

## NATURE OF ACTION

1. Plaintiffs Lares and Ruiz, former employees of Defendants, allege pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 216(b), that they are entitled to recover from Defendants, jointly and severally: (i) unpaid overtime compensation for hours worked in excess of forty per workweek for which they did not receive overtime premium pay as required by law; and (ii) liquidated damages, because Defendants' violations were willful and lacked a good faith basis.

2. Plaintiffs further allege that they are entitled to recover from Defendants: (i) unpaid

minimum wages and unpaid overtime premium pay, each of which Defendants willfully failed to pay as required by the New York Labor Law §§ 650 et seq. ("NYLL") and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142; (ii) unpaid spread-of-hours compensation for shifts lasting in excess of ten hours from start to finish, in violation of the NYLL and 12 N.Y.C.R.R. § 142-2.4; (iii) liquidated damages pursuant to the NYLL; (iv) statutory damages for Defendants' violations of the Wage Theft Prevention Act, NYLL §§ 195(1) and 195(3); and (v) damages and other relief for Defendants' failure to provide paid sick leave as required by NYLL § 196-b and the New York City Earned Safe and Sick Time Act, N.Y.C. Admin. Code §§ 20-911 et seq. ("ESSTA"); and (vi) liquidated damages or, in the alternative, lost interest, together with declaratory relief, for Defendants' failure to pay Plaintiffs weekly as required by NYLL § 191(1)(a).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiffs' state and local law claims pursuant to 28 U.S.C. § 1367, because those claims form part of the same case or controversy as Plaintiffs' FLSA claims.

4. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business in this district, and a substantial part of the events and omissions giving rise to the claims occurred in this judicial district.

## PARTIES

6. Lares is an adult individual residing in Queens, New York.

7. Ruiz is an adult individual residing in Nassau County, New York.

8. Upon information and belief, at all times relevant herein, Zorro has been a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 129-19 20th Avenue, Apt. 1, College Point, New York 11356.

9. At all times relevant herein, Zorro has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203(s), 206(a), and 207(a).

10. Upon information and belief, at all relevant times, Zorro has had annual gross revenues in excess of $500,000.00.

11. Upon information and belief, at all relevant times herein, Zorro has used goods, tools, and materials produced in interstate commerce, and has employed at least two individuals, including Plaintiffs, who handled such goods, tools, and materials.

12. Zambrano is an adult individual who, upon information and belief, resides in this district, and is an owner or part owner and principal of Zorro, and/or a manager of the business, who has the power to hire and fire employees, set wages and work schedules, and maintain employee records, including those of Plaintiffs.

13. Montes is an adult individual who, upon information and belief, resides in this district, and is an owner or part owner and principal of Zorro, and/or a manager of the business, who has the power to hire and fire employees, set wages and work schedules, and maintain employee records, including those of Plaintiffs.

14. At all times relevant herein, Defendants Zambrano and Montes have been involved in the day-to-day operations of Zorro and played an active role in managing the business, and in scheduling, supervising, and paying Plaintiffs during their employment.

15. Zambrano personally hired Plaintiffs, supervised their work, set their work schedules, and paid them their wages throughout their employment with Defendants.

16. At all relevant times herein, Defendants each constituted an "employer" of Plaintiffs as that term is used in the FLSA, 29 U.S.C. § 203(d), and the NYLL, §§ 2 and 651, and are jointly and severally liable for the violations alleged herein.

## FACTS

17. At all relevant times herein, Defendants owned and operated a business, Zorro, located in Queens County, New York, engaged in performing construction work, including but not limited to, renovation, demolition, general contracting, at job sites in and around the five boroughs.

**Plaintiff Lares**

18. Lares was employed by Defendants as a manual laborer from approximately October 1, 2022 through September 16, 2024.

19. Throughout her employment, Plaintiff Lares regularly worked six days per week, exceeded working ten hours per day, for a minimum total of approximately sixty hours per week.

20. Lares's workday typically began at approximately 8:00 a.m., but had no set end time; she was required to keep working until Defendants released her for the day, and her shifts regularly lasted more than ten hours.

21. Throughout her employment, Defendants paid Lares a flat rate of $120 per day, or $720 per week, regardless of the number of hours she worked.

22. Plaintiff Lares's flat weekly pay of $720 for approximately sixty hours of work yielded an effective hourly rate of approximately $12.00 per hour, below the New York City minimum wage of $15.00 per hour in effect in 2022 and 2023 and $16.00 per hour in effect in 2024.

23. Lares never received the time-and-one-half overtime premium for the approximately twenty hours she worked in excess of forty hours each week.

24. Lares was not paid an additional hour's pay at the applicable minimum wage for each day on which her spread of hours exceeded ten hours.

**Plaintiff Ruiz**

25. Ruiz was employed by Defendants as a manual laborer from approximately August 1, 2023 through March 1, 2025.

26. Throughout his employment, Ruiz regularly worked seven days per week, exceeded working ten hours per day, for a minimum total of approximately seventy hours per week, and at times worked shifts lasting up to seventeen consecutive hours.

27. Ruiz's workday typically began at approximately 8:00 a.m., but had no set end time; he was required to keep working until Defendants released him for the day, and his shifts regularly lasted more than ten hours.

28. Defendants paid Ruiz a flat rate of $120 per day, or $840 per week, regardless of the number of hours he worked. In or about January 2025, Defendants increased Plaintiff Ruiz's flat rate to $130 per day, or $910 per week.

29. Ruiz's flat weekly pay for approximately seventy hours of work yielded an effective hourly rate of approximately $12.00 per hour, and approximately $13.00 per hour after January 2025, below the New York City minimum wage of $15.00 per hour in effect in 2023, $16.00 per hour in effect in 2024, and $16.50 per hour in effect in 2025.

30. Ruiz never received the time-and-one-half overtime premium for the approximately thirty hours he worked in excess of forty hours each week.

31. Ruiz was not paid an additional hour's pay at the applicable minimum wage for each day on which his spread of hours exceeded ten hours.

**Allegations Common to Both Plaintiffs**

32. Plaintiffs' work was performed in the normal course of Defendants' business, was integrated into Defendants' business, and did not involve executive, administrative, or professional responsibilities. Plaintiffs were non-exempt employees under the FLSA and the NYLL.

33. At all relevant times herein, Plaintiffs were employees engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

34. Defendants' failure to pay Plaintiffs at least the applicable New York minimum wage was willful and lacked a good faith basis, because Defendants set Plaintiffs' rates of pay and work schedules and were aware that they were not compensating Plaintiffs at the applicable minimum wage.

35. Defendants failed to pay Plaintiffs overtime compensation at one and one-half (1.5) times their regular rate of pay, or the applicable minimum wage, whichever is greater, for all hours worked over forty in a workweek, in violation of the FLSA, the NYLL, and the supporting New York State Department of Labor regulations.

36. Defendants' failure to pay Plaintiffs overtime compensation was willful and lacked a good faith basis, because Defendants set Plaintiffs' work schedules and rates of pay, directly paid them, and therefore were aware that Plaintiffs were working in excess of forty hours per week and were not compensated at the lawful overtime rate.

37. Defendants' failure to pay Plaintiffs spread-of-hours compensation was willful and lacked a good faith basis, because Defendants set Plaintiffs' work schedules and compensation,

directly paid them, and therefore were aware that Plaintiffs worked shifts exceeding ten hours from start to finish.

38. Defendants also failed to provide Plaintiffs, at the time of hiring or at any time thereafter, with the written wage notice required by NYLL § 195(1), including, inter alia, their rates of pay, the basis thereof, their regular and overtime rates, the regular pay day, and Defendants' contact information, and failed to obtain Plaintiffs' signed acknowledgment of the same.

39. Defendants failed to provide Plaintiffs with wage statements with each payment of wages, as required by NYLL § 195(3), listing, inter alia, the dates of work covered, the rates of pay, the number of regular and overtime hours worked, and gross and net wages.

40. Defendants' failure to provide wage notices and wage statements caused Plaintiffs concrete financial harm, because it concealed from Plaintiffs their actual hourly rates, the hours for which they were being paid, and the lawful rates owed to them, and thereby prevented Plaintiffs from recognizing and timely challenging the underpayment of their minimum wages, overtime, and spread-of-hours pay.

41. Plaintiffs were manual workers within the meaning of NYLL § 190(4), and were therefore entitled to be paid weekly and not later than seven calendar days after the end of the week in which their wages were earned, pursuant to NYLL § 191(1)(a). Defendants, however, did not consistently pay Plaintiffs on a weekly basis. On numerous occasions throughout Plaintiffs' employment, Defendants withheld Plaintiffs' wages and paid them only after two weeks of work, such that Plaintiffs were not paid for the first week of those two-week periods until the end of the second week, thereby depriving Plaintiffs of the timely use and enjoyment of wages they had already earned. Defendants did not pay Plaintiffs on a regular payday. Rather, whether Plaintiffs

would be paid at the end of a given week or only after a second week of work varied from pay period to pay period at Defendants' discretion, and Plaintiffs could not know in advance when they would receive their earned wages.

42. Upon information and belief, Defendants employed between five and ninety-nine employees, during the relevant period.

43. Defendants did not provide Plaintiffs with any paid sick leave, did not inform Plaintiffs of their right to accrue and use paid sick leave, and did not provide the notice of employee rights required by ESSTA.

44. Upon information and belief, Defendants failed to make, keep, and preserve accurate records of Plaintiffs' hours worked and wages paid, as required by 29 U.S.C. § 211(c), NYLL § 195(4), and 12 N.Y.C.R.R. § 142-2.6.

45. Throughout all relevant time periods, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA and the NYLL.

46. By letter dated September 15, 2026, Plaintiffs, through counsel, notified Defendants of the claims asserted herein and directed Defendants to preserve all documents and electronically stored information concerning Plaintiffs' employment.

## FIRST CAUSE OF ACTION
Violations of the Fair Labor Standards Act
(Failure to Pay Overtime Compensation)

47. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

48. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

49. At all relevant times, Defendants had a policy and practice of paying Plaintiffs a flat daily rate and refusing to pay Plaintiffs overtime compensation at rates at least equal to one and one-half (1.5) times their regular rate of pay for each hour worked in excess of forty hours per workweek.

50. As a result of Defendants' willful failure to compensate Plaintiffs at the lawful overtime rate, Defendants have violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

51. The foregoing conduct constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and lacked a good faith basis within the meaning of 29 U.S.C. § 260, because Defendants set Plaintiffs' work schedule and rates of pay, paid them, and therefore were aware that Plaintiffs were working in excess of forty hours per week, and that they were not compensating Plaintiffs at the lawful overtime rate, during their employment with Defendants.

52. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime compensation, an equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## **SECOND CAUSE OF ACTION**
Violations of the New York Labor Law
(Failure to Pay Overtime Compensation)

53. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

54. At all relevant times, Plaintiffs were employed by Defendants within the meaning of NYLL §§ 2 and 651.

55. Defendants willfully violated Plaintiffs' rights by failing to pay them overtime compensation at rates at least equal to one and one-half (1.5) times the greater of their regular rate of pay or the applicable New York minimum wage for each hour worked in excess of forty hours per workweek, in violation of NYLL §§ 650 et seq. and 12 N.Y.C.R.R. § 142-2.2.

56. Defendants' failure to pay Plaintiffs overtime compensation was willful and lacked a good faith basis within the meaning of NYLL §§ 198 and 663, and supporting regulations, because Defendants set Plaintiffs' work schedule and rates of pay, paid them, and therefore were aware that Plaintiffs were working in excess of forty hours per week, and that they were not compensating Plaintiffs at the lawful overtime rate, during their employment with Defendants.

57. Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime compensation, liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL §§ 198 and 663(1).

**<u>THIRD CAUSE OF ACTION</u>**
Violations of the New York Labor Law
(Failure to Pay Minium Wage)

58. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

59. At all relevant times, Plaintiffs were employed by Defendants within the meaning of NYLL §§ 2 and 651.

60. Defendants willfully violated Plaintiffs' rights by failing to pay them at least the applicable New York City minimum wage for all hours worked, in violation of NYLL §§ 190-199, 652, and 663 and 12 N.Y.C.R.R. § 142-2.1.

61. Defendants' failure to pay Plaintiffs the minimum wage was willful and lacked a good faith basis within the meaning of NYLL §§ 198 and 663 and supporting regulations, because Defendants set Plaintiffs' work schedule and rates of pay, and therefore were aware that they were not compensating Plaintiffs at the applicable statutory minimum wage for all regular hours worked during their employment by Defendants.

62. Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages, liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL §§ 198 and 663(1).

## FOURTH CAUSE OF ACTION

Violations of the New York Labor Law
(Failure to Pay Spread-of-Hours Compensation)

63. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

64. At all relevant times, Plaintiffs were employed by Defendants within the meaning of NYLL §§ 2 and 651.

65. Defendants willfully violated Plaintiffs' rights by failing to pay them one additional hour's pay at the applicable minimum wage for each day on which their spread of hours exceeded ten hours, in violation of NYLL §§ 650 et seq. and 12 N.Y.C.R.R. § 142-2.4.

66. Defendants' failure to pay spread-of-hours compensation was willful and lacked a good faith basis within the meaning of NYLL §§ 198 and 663 and supporting regulations, because Defendants set Plaintiffs' work schedule and rates of pay, paid them, and therefore were aware that Plaintiffs were working shifts in excess of ten hours in length and that they were not compensating Plaintiffs for such shifts during their employment by Defendants.

67. Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid spread-of-hours compensation, liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL §§ 198 and 663(1).

**FIFTH CAUSE OF ACTION**
Violations of the New York Labor Law – Wage Theft Prevention Act
(Failure to Provide Wage Notices and Wage Statements)

68. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

69. At all relevant times, Plaintiffs were employed by Defendants within the meaning of NYLL §§ 2 and 651.

70. Defendants willfully violated Plaintiffs' rights by failing to provide them with the wage notice required by NYLL § 195(1) at the time of hiring or at any time thereafter.

71. Defendants willfully violated Plaintiffs' rights by failing to provide them with the wage statements required by NYLL § 195(3) with each payment of wages.

72. These violations caused Plaintiffs financial harm by preventing them from being informed of, and from receiving, their lawfully owed compensation, including minimum wage, overtime premium, and spread-of-hours premium.

73. Due to Defendants' failure to provide wage notices, Plaintiffs are each entitled to recover statutory damages of $50 for each workday that the violation occurred or continued, up to a maximum of $5,000 each, together with reasonable attorneys' fees and costs, pursuant to NYLL § 198(1-b).

74. Due to Defendants' failure to provide wage statements, Plaintiffs are each entitled to recover statutory damages of $250 for each workday that the violation occurred or continued,

up to a maximum of $5,000 each, together with reasonable attorneys' fees and costs, pursuant to NYLL § 198(1-d).

**SIXTH CAUSE OF ACTION**
Violations of NYLL § 196-b and the New York City Earned Safe and Sick Time Act
(Failure to Provide Paid Sick Leave)

75. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

76. At all relevant times, Plaintiffs were "employees" and Defendants were "employers" within the meaning of NYLL § 196-b and ESSTA, N.Y.C. Admin. Code § 20-912.

77. Plaintiffs each worked more than eighty hours per calendar year in New York City and were entitled to accrue at least one hour of sick leave for every thirty hours worked, up to the annual amount required by NYLL § 196-b and N.Y.C. Admin. Code § 20-913.

78. Defendants willfully failed to provide Plaintiffs with any accrued sick leave, failed to pay Plaintiffs for sick leave, and failed to provide the notice of rights required by N.Y.C. Admin. Code § 20-919.

79. Due to Defendants' violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, the value of all unpaid and unprovided sick leave, statutory penalties and damages as provided by N.Y.C. Admin. Code § 20-924, compensatory damages, reasonable attorneys' fees, and costs, together with such other relief available under NYLL § 196-b and § 198.

**SEVENTH CAUSE OF ACTION**
Violations of the New York Labor Law
(Failure to Pay Wages Weekly – Frequency of Pay)

80. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

81. At all relevant times, Plaintiffs were manual workers within the meaning of NYLL § 190(4) and were employed by Defendants within the meaning of NYLL §§ 2 and 190.

82. Defendants willfully violated NYLL § 191(1)(a) by failing to pay Plaintiffs weekly and not later than seven calendar days after the end of the week in which their wages were earned, and instead on numerous occasions paying Plaintiffs only after two weeks of work, without a regular payday, depriving Plaintiffs of the timely use of their earned wages.

83. Due to Defendants' violations, and because Defendants did not pay Plaintiffs on a regular day, Plaintiffs are entitled to recover from Defendants, jointly and severally, liquidated damages equal to one hundred percent of the wages paid late, or, in the alternative, should the Court find that Defendants paid Plaintiffs on a regular payday no less frequently than semi-monthly, one hundred percent of the lost interest due for the delayed payment of wages, together with interest, reasonable attorneys' fees, and costs, pursuant to NYLL § 198(1-a).

84. Plaintiffs are further entitled to a declaration that Defendants violated NYLL § 191(1)(a), which shall constitute a final determination by a court of competent jurisdiction within the meaning of NYLL § 198(1-a).

## PRAYER FOR RELIEF

85. WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, the NYLL, and ESSTA;
b. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;
c. A compensatory award of unpaid minimum wages, at the applicable statutory rate, due under the NYLL;
d. A compensatory award of unpaid overtime compensation, at the statutory overtime premium rate, due under the FLSA and the NYLL;

e. A compensatory award of unpaid spread-of-hours compensation, at the applicable statutory rate, due under the NYLL;
f. An award of liquidated damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216(b);
g. An award of liquidated damages for Defendants' NYLL violations pursuant to NYLL §§ 198 and 663;
h. An award of statutory damages for Defendants' violations of the Wage Theft Prevention Act, NYLL §§ 198(1-b) and 198(1-d);
i. An award of liquidated damages or, in the alternative, lost interest for Defendants' failure to pay Plaintiffs weekly as required by NYLL § 191(1)(a), and a declaration that Defendants violated NYLL § 191(1)(a);
j. An award of damages and penalties for Defendants' failure to provide paid sick leave under NYLL § 196-b and ESSTA;
k. An award of prejudgment and post-judgment interest;
l. An award of costs and expenses of this action, together with reasonable attorneys' and expert fees; and
m. Such other, further, and different relief as this Court deems just and proper.

**JURY DEMAND**

86. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues so triable.

Dated: November 25, 2026
New York, New York

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Plaintiffs*

By: *_/s/ Ingrid J. Cardona_*

Ingrid J. Cardona
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
icardona@tarterkrinsky.com